UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LEURY MENDEZ-MATOS**<br>**REG. # 23504-069** | : | **DOCKET NO. 18-cv-1358**<br>**SECTION P** |
| **VERSUS** | : | **JUDGE DOUGHTY** |
| **UNITED STATES, ET AL.** | : | **MAGISTRATE JUDGE KAY** |

## MEMORANDUM ORDER

Before the court is a civil rights complaint [docs. 6, 13] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Leury Mendez-Matos, who is proceeding pro se and in forma pauperis in this matter. Mendez-Matos is an inmate in the custody of the Bureau of Prisons and is currently incarcerated at the Federal Correctional Institution at Oakdale, Louisiana ("FCIO"), where the events giving rise to his claims occurred. This matter has been referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of this court.

## I.
### BACKGROUND

Mendez-Matos's complaint arises from medical care he has received at FCIO. Specifically, he alleges that he has nodules on his lungs and kidney and that "[s]taff has told [him that he] has to have nodule/masses removed." Doc. 6, p. 3. However, he asserts, FCIO physician Dr. Joel Alexandre has only provided him with an inhaler. *Id.* He also asserts that he was injured in June 2015 or 2017, resulting in three fractures to his hand.[1] *Id.* He alleges that FCIO staff only supplied

---

[1] In his original, deficient complaint Mendez-Matos alleged that he injured his hand on June 5, 2017. Doc. 1, p. 2. In a subsequent complaint he asserts that the injury occurred in June 2015. Doc. 6, p. 3.

-1-

a cast for that injury and then removed the cast even though the injury had not healed properly. *Id.* He maintains that he suffers extreme pain from this injury and can no longer use the affected hand. *Id.* He also asserts that he has been treated at a nearby hospital for his lung and kidney problems, but that "all they do is give me pills" even though he has been told he needs surgery. Doc. 13, p. 3. Finally, he claims that he does not speak English and has not been provided with an interpreter to help him understand his injury or treatment. Doc. 6, p. 3.

Mendez-Matos initiated his suit through a deficient complaint filed in this court on or about October 16, 2018. Doc. 1. In his deficient complaint he named only the United States as a defendant. Through one of his subsequent complaints he also names Heather Howard, FCIO Health Services Administrator, and Dr. Joel Alexandre, physician and FCIO clinical director, as defendants. Doc. 6, pp. 2–3. As relief he seeks monetary damages. *Id.* at 4; Doc. 13, p. 4.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Mendez-Matos has been granted leave to proceed in forma pauperis in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be

granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983/Bivens*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. A *Bivens* action is the counterpart for those acting under color of federal law of a suit brought under § 1983.[2] *E.g.*, *Abate v. Southern Pacific Transp. Co.*, 993 F.2d 107, 110 n. 14 (5th Cir. 1993). In order to hold the defendant liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. *Rule 8 Considerations*

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted).

### D. *Theories of the Complaint*

"[T]he treatment a prisoner receives in prison and the conditions und under which he is confined are subject to scrutiny under the Eighth Amendment." *Cantu v. Jones*, 293 F.3d 839, 844

---

[2] *Bivens*, however, is more limited in scope than an action under § 1983 and has only been expressly extended to Fourth, Fifth, and Eighth Amendment violations. *Ziglar v. Abbasi*, 137 S.Ct. 1843 (2017); *see also Butts v. Martin*, 877 F.3d 571, 587–88 (5th Cir. 2017).

(5th Cir. 2002). Accordingly, the Eighth Amendment imposes on prison officials a duty to ensure that inmates' basic needs, including medical care, are met. *Farmer v. Brennan*, 114 S.Ct. 1970, 1976 (1994). It also obliges officials to "take reasonable measures to guarantee the safety of the inmates." *Id.* (internal quotations omitted).

To show a violation under this theory, the inmate must allege a sufficiently serious deprivation and a sufficiently culpable state of mind on the part of the prison official – that is, that the official acted with deliberate indifference to inmate health or safety. *Herman v. Holiday*, 238 F.3d 660, 664 (5th Cir. 2001). Under this theory, a prison official is not liable unless he both knows of and disregards an excessive risk to inmate health or safety. *Farmer*, 114 S.Ct. at 1977–79. "Deliberate indifference encompasses only unnecessary and wanton infliction of pain repugnant to the conscience of mankind;" thus the test is "[s]ubjective recklessness" as used in criminal law. *Norton v. Dimazana*, 122 F.3d 286, 291 (5th Cir. 1997) (quoting *Farmer*, 114 S.Ct. at 1980).

A plaintiff cannot prevail on a claim of deliberate indifference relating to health care unless he shows that a federal actor "denied him treatment, ignored his complaints, knowingly treated him incorrectly, or otherwise evidenced a wanton disregard for his serious medical needs." *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018). While a disagreement about the appropriate treatment is generally insufficient to show deliberate indifference, denial of recommended treatment or a delay in medical treatment that results in substantial harm can meet this standard. *See id.* at 538–40 (finding deliberate indifference based on prison's failure to follow recommended course of treatment for plaintiff's fractured teeth).

### 1. *Insufficient detail*

Mendez-Matos maintains that he has received constitutionally inadequate treatment, but also admits that FCIO staff have treated his conditions through a cast for his hand, medications,

and visits to the hospital. Although he insists that he has been told he needs surgery, he does not clarify when such a surgery was recommended or by whom, or what role the named defendants had in rejecting this option. Accordingly, Mendez-Matos fails to provide sufficient detail for the court to determine whether his care was inadequate or what role the named defendants played in any denial of treatment. He must amend his complaint to state what treatment has been provided for the complained-of conditions and on what dates, what treatment he believes has been delayed or denied and by whom, and any other details he believes support a finding that his care is constitutionally inadequate.

### 2. *Supervisory officials*

Mendez-Matos names as defendants two individuals who appear to have supervisory roles at FCIO.[3] He only alleges that one of these, Dr. Joel Alexandre, personally treated him or made any decisions relating to his care. Vicarious liability does not apply in a *Bivens* suit, and so "the plaintiff . . . must plead that each Government-official defendant, through his own actions, has violated the Constitution." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1948 (2009). Mendez-Matos must plead adequate facts to support a finding of deliberate indifference for each of these defendants or dismiss his claims against them.

### 3. *United States as party*

In his original deficient complaint, Mendez-Matos names the United States as defendant. Doc. 1. He also provides an "exhibit" showing that he exhausted claims against the United States by presenting the claim to the BOP. Doc. 5. However, he names only the individual defendants in his amended complaint and pursues this suit under *Bivens*. Docs. 6, 13. In the event Mendez-Matos

---

[3] In one of his complaints, Mendez-Matos also lists FCIO Warden R. Myers in the caption but does not list him in the space provided to identify defendants. *See* doc. 6. If he wishes to name Myers as a defendant, he should say so and provide a basis for liability other than this official's supervisory role.

does wish to maintain claims against the United States, he is advised that he may only do so through one of the government's limited waivers of sovereign immunity – in this instance, through a complaint filed under the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 2674 *et seq*. *E.g.*, *Tsolomon v. United States*, 841 F.3d 378, 382 (5th Cir. 2016) ("The FTCA is a limited waiver of sovereign immunity that allows plaintiffs to bring state law tort actions against the federal government.") Accordingly, he should state whether he intends to proceed under the FTCA as well or whether he wishes to dismiss the United States as a defendant.

### III.
#### CONCLUSION

Mendez-Matos must amend his complaint to address the deficiencies described above, and to dismiss the claims that cannot be cured through amendment.

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Mendez-Matos at his last address on file.

**IT IS ORDERED** that Mendez-Matos amend his complaint within **thirty (30) days** of the filing of this order to cure the deficiencies as outlined above. Failure to comply with this order may result in dismissal of the claims above under Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962). Mendez-Matos is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 13th day of March, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE