UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **LEURY MENDEZ-MATOS**    **REG. # 23504-069** | **:** | **DOCKET NO. 18-cv-1358**    **SECTION P** |
| **VERSUS** | **:** | **JUDGE WALTER** |
| **UNITED STATES OF AMERICA, ET AL.** | **:** | **MAGISTRATE JUDGE KAY** |

**REPORT AND RECOMMENDATION**

Before the court is a civil rights complaint [docs. 6, 13] filed pursuant to *Bivens v. Six Unknown Named Agents*, 91 S.Ct. 1999 (1971), by plaintiff Leury Mendez-Matos. Mendez-Matos, who is proceeding pro se and in forma pauperis in this matter, is an inmate in the custody of the Bureau of Prisons and is presently incarcerated at the Federal Correctional Institution at Oakdale ("FCIO"), Louisiana. The matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of this court.

Upon initial review of the complaint, which alleges constitutional violations based on the medical care he received at FCIO for a fractured hand and heart and lung conditions, the court advised Mendez-Matos of several deficiencies in his pleadings. Doc. 21. Specifically, we warned Mendez-Matos that his claims were subject to dismissal due to (1) lack of specificity, (2) failure to show a basis for liability on the part of supervising defendants, and (3) failure to clarify whether he intended to proceed under the Federal Tort Claims Act against the United States. *Id.* Accordingly, we granted Mendez-Matos time to amend his complaint. *Id.*

Mendez-Matos responds now with a single page, asserting that a cast was provided for his fractured hand but removed a few days later. Doc. 24. He also attaches six pages of medical records, which appear to show that he received medical care, including cardiac catheterization, medication, and diagnostic imaging, for his heart and lung issues from FCIO medical staff and an outside provider. *See* doc. 24, att. 1. Mendez-Matos's response is insufficient to show deliberate indifference on the part of any defendant to his serious medical needs, or to clarify the basis on which he intends to proceed against the United States as a defendant.

Accordingly, for the reasons provided in this court's previous order [doc. 21] and the inadequate response from plaintiff, **IT IS RECOMMENDED** that all claims against the United States be **DISMISSED WITHOUT PREJUDICE** for lack of subject matter jurisdiction and that the remaining claims be **DISMISSED WITH PREJUDICE** as frivolous and failing to state a claim on which relief can be granted under 28 U.S.C. § 1915(e)(2)(B). Adoption of this report and recommendation should count as a strike against the petitioner's ability to proceed in forma pauperis under 28 U.S.C. § 1915(g).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 30th day of May, 2019.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE